IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-756-BO

| | | |
|---|---|---|
| RUSSELL PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings.[1] A hearing on the motions was held before the undersigned on September 20, 2017, at Raleigh, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

## DISCUSSION

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively applied for DIB on January 9, 2014, and alleged an onset date of December 9, 2013. After initial denials, an Administrative Law Judge (ALJ) held a hearing and thereafter issued an unfavorable decision. The ALJ's decision became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

---

[1] Plaintiff denominated his motion a motion for summary judgment rather than a motion for judgment on the pleadings.

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks

whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff met the insured status requirements through June 30, 2019, and that he had not engaged in substantial gainful activity since his alleged onset date. The ALJ found plaintiff's degenerative disc disease, anxiety disorder, and affective disorder to be severe impairments at step two but found that plaintiff did not have an impairment or combination of impairments which met or equaled a Listing at step three. The ALJ then found that plaintiff could perform light work with limitations, including being permitted to change positions every half hour and use a cane for walking. At step four the ALJ found that plaintiff could not return to his past relevant work as a police officer and truck driver but that, considering plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs which existed in significant numbers in the national economy. Those jobs included laundry classifier, egg candler, and small products assembler. Thus, the ALJ found that plaintiff was not disabled from December 9, 2013, through the date of her decision.

The ALJ found that a limitation to light work would accommodate plaintiff's degenerative disc disease, but such conclusion is not supported by substantial evidence. An RFC should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Light work involves lifting no more than twenty pounds at a time, frequently lifting and carrying ten pounds at a time, and requires a good deal of standing or walking. 20 C.F.R. § 404.1567.

The Veteran's Administration (VA) assessed plaintiff as having 100% permanent and total disability and further found plaintiff to be unemployable. Tr. 514. A determination of unemployability by the VA may only be made where a veteran is unable to "secure and follow a substantially gainful occupation by reason of service-connected disabilities." 36 C.F.R. § 4.16. The ALJ addressed the VA's disability and unemployability ratings, but dismissed them in cursory fashion, affording them little and no weight. Specifically in regard to plaintiff's VA disability rating, the ALJ gave the determination little weight because it was based on diagnoses and clinical findings rather than functional limitations, including the ability to sit, stand, walk, lift, and carry, experienced by plaintiff.

A disability determination by the VA must be given substantial weight unless the record before the ALJ demonstrates that less weight is appropriate. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). Here, the ALJ has clearly explained his rationale for discounting the VA's opinions, but such rationale is not supported by substantial evidence. Rather, when considered together, the VA's ratings, plaintiff's treating physician's opinion, and

4

plaintiff's testimony regarding his limitations support a finding that plaintiff was limited to sedentary work.

Plaintiff's treating physician, Dr. Maynard, assessed plaintiff as being able to perform sedentary work. Tr. 28; 566-570. Dr. Maynard noted that clinical findings and objective signs indicated that plaintiff had limited range of motion due to back pain secondary to disc disease and that plaintiff would be very limited in his ability to lift, push, pull, or stand and sit for prolonged periods. A treating source's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2). Although the ALJ indicated that plaintiff's back pain, which he had experienced since 1988, had not worsened, the record fails to support that conclusion. A December 2013 MRI revealed a herniated disc at L5-S1 and disc bulge at L4-L5. Tr. 276. In January 2014 plaintiff reported worsening pain when standing or walking and was diagnosed by a neurosurgeon with lumbar degenerative disc and sacroiliac dysfunction with sacroiliitis. Tr. 288. A March 20, 2014, physical therapy note reveals that plaintiff's pain had been manageable for years until December 2013 when the pain began to worsen, and that a series of injections had not seemed to help. Tr. 371. In February 2014, it was noted by Dr. Maynard that injections for plaintiff's back increased pain and that plaintiff's prescription pain medication had been increased. Tr. 354. The ALJ relied on plaintiff's hearing testimony that he was looking for and would have tried "light duty" work in December 2013 to support the RFC finding, but the hearing transcript plainly reveals that plaintiff's idea of "light duty" work was answering the telephone and sitting at a desk. Tr. 46. Plaintiff testified at the hearing that he uses a cane for both walking and balance. Tr. 47.

Dr. Cox, a consultative examiner, found that plaintiff required a cane to balance but not for walking. Tr. 92-93. The ALJ gave this opinion partial weight, noting that evidence supports further limitations than those found by Dr. Cox. Tr. 29. In the RFC finding, however, the ALJ determined that plaintiff requires a cane for walking only.

Substantial evidence does not support the ALJ's conclusion that plaintiff could perform light work, but a finding that plaintiff could perform sedentary work as indicated by Dr. Maynard is supported by the record. Because it appears that a limitation to sedentary work would direct a finding of disability once plaintiff attained the age of fifty, *see* 20 C.F.R. Pt. 404, Subpt. P, App'x II § 202.06, this matter is remanded for further proceedings consistent with the foregoing so that the ALJ may determine whether an award of benefits is directed by the Medical Vocational Guidelines. *See Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980); *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 25 day of September, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE